IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAMONT D. WALKER,

    Plaintiff,          ORDER

  v.                09-cv-756-slc

RYAN ARMSON, VICTOR TRUMBIL,
NEUMAIER BRYANT, VANA, TIM JOHNSON,
DR. GISWOLD, DR. THORPE, KETURKUS
and GLENN BENNETT,

    Defendants.

---

  In an order dated July 1, 2002, plaintiff Lamont Walker was assessed an initial partial payment of $0.44 to be paid by January 6, 2010. Now before the court is a letter from plaintiff dated December 24, 2009 in which he explains that he has no money in his account and asks the court to reconsider the initial partial payment that he was assessed. Under the 1996 Prison Litigation Reform Act and 28 U.S.C. § 1915, plaintiff is required to make initial partial payments of the fee for filing this case unless he lacks means to do so. Plaintiff does not lack means.

  Under §1915(b)(4), a prisoner may not be prohibited from bringing a lawsuit if "the prisoner has no assets and no means by which to pay the initial partial filing fee." Plaintiff may think that he falls into the category of prisoners who have "no means" to make an initial partial payment, but controlling authority holds otherwise. Plaintiff's immediate shortage of income is not sufficient by itself to allow me to conclude that he lacks the means to pay the initial partial payments pursuant to § 1915(b)(4). In *Newlin v. Helman*, 123 F.3d at 435, the court of appeals stated that

> [I]t is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when the prisoner has no assets and no means by which to pay the initial partial filing fee. A prisoner with periodic income has "means" even when he lacks "assets."

Further, in measuring periodic income, § 1915 requires courts to look backward in time rather than forward. In other words, in determining whether a prisoner has the means to pay, the court cannot consider representations the prisoner makes about his future income or lack of it. Rather, the court must look at the prisoner's income from the previous six months. 28 U.S.C. § 1915(a)(2).

My review of the inmate account statement plaintiff submitted at the time he filed the complaint shows that plaintiff had three deposits to his account totaling $13.25. From these deposits, I calculated plaintiff's initial partial payment as $0.44.

Therefore, although I am unwilling to apply the waiver provision set out in § 1915(b)(4) at this time, I will grant plaintiff an enlargement of time in which to make the initial partial payments. If, by January 25, 2010, plaintiff is unable to pay the initial partial payments, I will consider that he has withdrawn these actions and he will not owe the filing fees. In that event, if, at some future time, enough time elapses that a six-month inmate account statement would show that he owes no initial partial payment based on his lack of means, he would be free to file a new lawsuit.

ORDER

IT IS ORDERED that plaintiff's motion for reconsideration of the December 21, 2009 order, dkt. 5, is DENIED.

Further, IT IS ORDERED that plaintiff may have an enlargement of time to January 25, 2010, in which to pay the $.44 initial partial payment of the $350 fee for filing this case.  If, by January 25, 2010, plaintiff fails to make the initial partial payments or show cause for his failure to do so, he will be held to have withdrawn these actions voluntarily. In that event, the clerk of court is directed to close these files without prejudice to plaintiff's filing his cases at a later date.

Entered this 4th day of January, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge