IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAMONT D. WALKER,

                                   Plaintiff,

      v.

RYAN ARMSON, VICTOR TRUMBIL,
NEUMAIER BRYANT, VANA, TIM JOHNSON,
DR. GISWOLD, DR. THORPE, KETURKUS
and GLENN BENNETT,

                                   Defendants.

ORDER

09-cv-756-slc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In an order dated January 4, 2010, plaintiff was granted an extension of time until January 25, 2010, in which to pay a $.44 initial partial payment of the fee for filing this action. The court has not received plaintiff's payment. Instead, plaintiff has filed a second trust fund account statement and a memorandum from Alice Rogers, a Financial Specialist at Columbia Correctional Institution, stating that plaintiff "doesn't have any money in his account." I will construe this submission as a motion to waive payment of the initial partial filing fee. The motion will be denied and the case will be closed without prejudice.

       As plaintiff was told in the magistrate judge's January 4, 2010 order, the court cannot

1

find that he lacks the means to pay an initial partial payment of the $350 fee for filing this case. In fact, the Court of Appeals for the Seventh Circuit ruled in <u>Newlin v. Helman</u>, 123 F.3d 429, 435 (7th Cir. 1997), <u>rev'd on other grounds by</u> <u>Lee v. Clinton</u>, 209 F.3d 1025 (7th Cir. 2000) and <u>Walker v. O'Brien</u>, 216 F.3d 626 (7th Cir. 2000), that a prisoner has "means" any time his trust fund account statement reveals periodic income. Plaintiff had three deposits into his account in June and July 2009, within the six-month period immediately preceding the filing of his complaint. Under the holding of <u>Newlin</u>, he will not be eligible for waiver of the initial partial payment under § 1915(b)(4) unless he submits a six-month trust fund account statement revealing an absence of periodic income for the full six-month period. Although plaintiff believes that he will not be able to make an initial partial payment in this case, his trust fund account statement shows that he has means to do so. Therefore, I will deny plaintiff's motion to waive the initial partial payment and close the case without prejudice. If plaintiff is able to make an initial partial payment in the future or enough time elapses that a six month trust fund account statement would show that plaintiff has no means to make an initial partial payment, he may move to reopen this case.

ORDER

IT IS ORDERED that plaintiff's request to waive the initial partial payment is

DENIED and this case is DISMISSED WITHOUT PREJUDICE.

Entered this 2nd day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3